[604 NYS2d 731]

In the Matter of ALLEN C. COHEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1993

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Reich & Reich, P. C.,* for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Allen C. Cohen was admitted to the practice of law in New York by the Second Judicial Department on December 15, 1965. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

By affidavit dated August 31, 1993, respondent seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, permitting him to resign as a member of the Bar of the State of New York. Respondent states that his resignation is freely and voluntarily tendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Respondent acknowledges that there are two disciplinary investigations presently pending before the Departmental Disciplinary Committee involving allegations that he engaged in professional misconduct.

In connection with the first complaint (Docket No. 3864/92), filed on or about October 16, 1992, respondent admits that he failed to maintain a special or escrow account and commingled the complainant's funds, as well as funds of other clients, with his own funds in his personal checking account. Respondent further admits that he failed to maintain proper bookkeeping, financial and other records and therefore was not able to furnish the Departmental Disciplinary Committee or his client with an accounting or comply with the Committee's requests for documents and other information.

In connection with his preparation of 1991 tax returns, without his client's knowledge, consent or authority, respondent admits that he contrived to receive his client's tax refund checks and, in or about April or May 1992, deposited the proceeds, in the amount of $2,476, into his personal account, misrepresenting to his client that the refunds totalled only approximately $550.

The second complaint pending against respondent (Docket No. 1952/93) alleges that, in connection with a landlord/tenant matter, without the client's knowledge or consent, respondent failed to release $2,600 deposited with respondent to cover past-due rent, falsely claiming that the money had been paid to him to cover legal fees.

Having reviewed the allegations of the two complaints, respondent acknowledges that he cannot successfully defend

himself on the merits if charges were to be preferred. Respondent avers that, after due consultation with counsel of his choosing, he has determined that his resignation as an attorney is the appropriate course.

The Departmental Disciplinary Committee supports respondent's request for permission to resign and deems his affidavit to be in conformance with the requirements set forth in section 603.11 of the Rules of this Court (22 NYCRR 603.11). Pursuant to section 605.10 of the Rules of this Court, respondent's resignation was submitted to the Chief Counsel who, after thorough review and due consideration, recommends that the resignation be accepted and that respondent's name be struck from the roll of attorneys, effective immediately. Counsel states that, as a result of her investigation of the complaints, she believes respondent has engaged in serious professional misconduct warranting charges, in that he failed to preserve the identity of funds and property of others and commingled such property with his own in violation of Code of Professional Responsibility DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46 [a], [b] [1]); he failed to keep proper bookkeeping records in violation of DR 9-102 (D) (22 NYCRR 1200.46 [d]); he converted the proceeds of tax refund checks and deposits for past-due rent in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and he charged an excessive fee in violation of DR 2-106 (A) and (B) (22 NYCRR 1200.11 [a], [b]).

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of the Rules of this Court governing the conduct of attorneys. Respondent acknowledges that (1) he is the subject of a pending disciplinary investigation into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily tendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Accordingly, respondent's resignation is accepted, and it is ordered that his name be stricken from the roll of attorneys, effective immediately.

ROSENBERGER, J. P., KUPFERMAN, ROSS, ASCH and RUBIN, JJ., concur.

Respondent's resignation is accepted and filed and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective November 16, 1993.